**Andre Lorenz BAILEY, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Criminal No. 88–CR–80870.
Civil No. 96–CV–71599.

United States District Court,
E.D. Michigan,
Southern Division.

June 5, 1996.

Order Denying Reconsideration
Sept. 23, 1996.

Edward Ewell, Jr., Assistant U.S. Attorney, Detroit, MI, for the U.S.

Andre Lorenz Bailey, Bradford, PA, pro se.

#### ORDER

DeMASCIO, District Judge.

This matter is before the court on petitioner's motion under 28 U.S.C. § 2255. Petitioner argues that his conviction and sentence under 18 U.S.C. § 924(c)(1) must be vacated in light of the Supreme Court's deci-

sion in *Bailey v. United States,* — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Petitioner also alleges ineffective assistance of counsel.

On December 23, 1988, agents from the ATF executed a federal search warrant at 9885 Chenolot in Detroit, Michigan. In executing the warrant, the agents went to the bedroom at the rear of the second floor. There, they found petitioner and his cousin asleep. A safe, in which an informant indicated petitioner kept a weapon and crack cocaine, was located at the floor of the bed. Petitioner denied any knowledge of the safe, but a key was found in his left shirt pocket. Three plastic bags, each containing a rock of cocaine, were also found in his pocket. Because the safe also contained a combination locking system and petitioner denied knowledge of the combination, a locksmith was called to open the safe. Inside the safe, the agents found a semi-automatic pistol, a loaded 30–round magazine, and a plastic bag containing one rock of crack cocaine, as well as several of petitioner's personal papers.

On August 28, 1990, petitioner was convicted of possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 841(a)(1) (Count I), and use of a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c)(1) (Count II). On November 19, 1990, petitioner was sentenced to eighty seven months on Count I and five years on Count II, consecutive to Count I.

Because the government has conceded in its response that petitioner's conviction under 18 U.S.C. § 924(c)(1) cannot stand in light of *Bailey,* further discussion is not necessary. It is clear that petitioner did not "use" [1] the weapon found in the safe within the meaning of *Bailey.* Thus, petitioner's *conviction and five year sentence under* § 924(c)(1) must be vacated. However, the government argues that petitioner should be resentenced on the remaining count of possession with intent to distribute cocaine, applying a two point enhancement for possessing a firearm.

■ We find that resentencing is neither appropriate nor permitted under these cir-

cumstances. Petitioner only challenged his conviction and sentence on § 924(c)(1) in his motion; he has in no way challenged his conviction and sentence under 18 U.S.C. § 841(a)(1) (the drug count). Because the drug count is not before this court, we lack jurisdiction to consider his sentence under that count. In *Warner v. United States,* 926 F.Supp. 1387 (E.D.Ark.1996), the court examined the resentencing issue in careful detail. The court held, *inter alia,* that it lacked jurisdiction to resentence defendant. The court stated that while § 2255 provides the defendant with a vehicle to "vacate, set aside, or correct sentence," because defendant did not challenge either of his drug sentences, "it can seriously be argued that his sentence on those counts is not before the court in this § 2255 proceeding." *Id.* at 1397. We agree with that holding in *Warner* and reject the government's resentencing argument because the court lacks jurisdiction to review petitioner's drug count sentence.

■ Petitioner next contends that he received ineffective assistance of counsel at trial, asserting that counsel should have moved for a judgment of acquittal under Fed.Rule Crim.P. 29. Notably, petitioner raised the exact same argument in a prior § 2255 motion, which the court rejected upon consideration. (See Order Dated 5/24/94 at p. 4–5). The only new evidence petitioner presents in support of his claim is the Supreme Court's decision in *Bailey.* To the extent that petitioner argues *Bailey* is evidence of ineffective assistance, we find such an argument is without merit. Petitioner's counsel could in no way have anticipated the Supreme Court's interpretation of "use" in *Bailey* at that time. Thus, petitioner cannot prevail on his ineffective assistance of counsel claim.

NOW, THEREFORE, IT IS ORDERED that petitioner's motion is GRANTED based upon the Supreme Court's holding in *Bailey v. United States,* — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Petitioner's conviction and sentence under 18 U.S.C. § 924(c)(1) is hereby VACATED.

IT IS SO ORDERED.

---

1. Petitioner was not charged under the "carry" prong of § 924(c)(1).

## ORDER DENYING RECONSIDERATION

This matter is before the court on the government's "Motion for Reconsideration." Petitioner was convicted of "Possession with Intent to Distribute a Mixture or Substance which contains Cocaine Base," in violation of 18 U.S.C. § 841(a)(1) (the drug count) and "Use or Carrying of a Firearm in Relation to a Drug Offense, in violation of 18 U.S.C. § 924(c)(1)." On November 19, 1990, this court sentenced petitioner to 87 months imprisonment on the drug count and 60 months on the 924(c)(1) count, consecutive to the drug count sentence. Petitioner filed the instant motion under 28 U.S.C. § 2255 challenging his conviction under 924(c)(1).[1] The parties and the court agreed that his conviction and sentence must be vacated in light of the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). However, the government argued that petitioner should be resentenced on the drug count to include a two point enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Relying on *Warner v. United States*, 926 F.Supp. 1387 (E.D.Ark.1996), we held that the court lacked jurisdiction to resentence petitioner on the drug count because petitioner did not challenge that sentence; he challenged only his conviction and sentence under 18 U.S.C. § 924(c)(1).

The government now moves for reconsideration of this court's ruling on resentencing. Upon review, we maintain our position; we are without jurisdiction to revisit the unchallenged portion of petitioner's sentence.

The government first contends that because an appellate court can require resentencing of a defendant who successfully challenges his § 924(c)(1) conviction on direct appeal, the same should be true in the context of a collateral attack. It is true that several federal courts, including the Sixth Circuit, have remanded *Bailey* cases on direct appeal for resentencing on remaining counts so that the district court may consider whether the two point firearms enhancement applies. *See, e.g., United States v. Lang*, 81 F.3d 955 (10th Cir.1996) (holding that when a defendant's § 924(c)(1) conviction is reversed on sufficiency of evidence grounds, the case may be remanded for resentencing to determine the applicability of § 2D1.1(b)(1)); *United States v. Fennell*, 77 F.3d 510 (D.C.Cir.1996) (per curiam); *United States v. Clements*, 86 F.3d 599 (6th Cir.1996). The government suggests that our ruling, which precludes resentencing after a successful collateral attack, creates the anomalous result that an individual can receive greater relief in a collateral proceeding than he would receive on direct appeal.

In our view, this suggestion lacks real substance. There is an important difference between considering a sentence on direct appeal and on collateral attack. The sentence is not final in the case of a direct appeal. Whereas a § 2255 motion presents a sentence which is final; the defendant is already serving or has completed serving his sentence. Moreover, the statutory language pertaining to direct appeals grants the court of appeals supervisory authority to vacate and remand an entire sentence with specific directions.[2] Conversely, § 2255, by its language, necessarily affords the court more limited authority.[3]

The Eleventh Circuit noted this distinction in *United States v. Rosen*, 764 F.2d 763, 766 (11th Cir.1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986): "With a collateral attack, only a specific sentence on a specific count is before the court ... The court has power only over what is brought before it. On a direct appeal, however, none of the sentences has [sic] become final and

---

1. Petitioner also brought an ineffective assistance of counsel claim, which we denied.

2. 28 U.S.C. § 2106 provides:
   The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

3. 28 U.S.C. § 2255 provides the district court with the authority to "vacate and set the judgment aside ... discharge the prisoner or resentence him or grant a new trial or correct the sentence as may be appropriate."

the appellate court has all sentences before it." Extending the scope of appellate review to a collateral proceeding would seriously undermine the finality of criminal convictions. "Perpetual disrespect for the finality of convictions disparages the entire criminal justice system." *McCleskey v. Zant,* 499 U.S. 467, 492, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517 (1991).

■ The government also contends that the drug conviction sentence was not independent, but rather was directly linked to the § 924(c)(1) sentence. The government argues that the two point enhancement applies to drug offenses only if a defendant is not also convicted under § 924(c)(1), making a drug sentence dependent on the presence or absence of a § 924(c)(1) conviction. In attacking the § 924(c)(1) conviction, petitioner has "unbundled" his sentence package, effectively challenging his entire sentence.

We do not agree. Petitioner here was sentenced under the multiple convictions provisions of the sentencing guidelines that provide a single sentence which satisfies convictions for separate offenses. As the guidelines state: "[t]he sentence to be imposed on a count for which the statute mandates a consecutive sentence shall be determined and imposed independently ... the sentence imposed on each other count shall be the total punishment...." U.S.S.G. § 5G1.2(a) and (b). Thus, the guidelines contemplate a separate sentence for each conviction. Petitioner here received two separate sentences for each conviction. Petitioner's sentences under § 924(c)(1) and the drug count are related only for calculating his drug sentence under the guidelines, they are not interdependent for any other purpose. The § 924(c)(1) sentence is the only sentence before the court on collateral review, and is the only sentence we consider in ruling on petitioner's motion.

Congress never intended that 28 U.S.C. § 2255 be used to reopen the entire sentence for review. In Federal Rule of Criminal Procedure 35, Congress provided the district courts with authority to correct an entire sentence only within a limited time period. Nothing in 28 U.S.C. § 2255 extends that authority to a collateral attack. Indeed, it would have a serious chilling effect on a defendant's right to test the correctness of a sentence under 28 U.S.C. § 2255 if a district court could alter petitioner's entire sentence on collateral attack; the filing of a § 2255 motion would subject a defendant to the possibility of receiving an increased sentence on a conviction not challenged.[4] "[T]o conclude [that resentencing is permitted] would be to give the Government a second bite at the sentencing apple, and sanction a result that could operate to punish a defendant for making a § 2255 motion." *Warner,* 926 F.Supp. at 1397.

We recognize that five judges in this district have permitted resentencing after vacating § 924(c)(1) convictions, though none of those cases are published. Although unanimity in a district is always beneficial, regrettably we cannot reach the same result.

ACCORDINGLY, IT IS ORDERED that the government's motion for reconsideration is DENIED.

---

4. We also note that resentencing on a conviction not before the court on collateral review raises double jeopardy concerns. Because we base our holding on jurisdictions grounds, we need not reach this issue.