UNITED STATES COURT OF APPEALS
**Filed 9/19/96**
FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FLOYD MUNOZ,

    Defendant-Appellant.

No. 96-1137
(D.C. No. 96-M-715)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, TACHA, and MURPHY, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Floyd Munoz appeals pro se the district court's denial of his motion to rescind indictment, properly construed by the district court as a motion to vacate his sentence under 28 U.S.C. § 2255. Munoz seeks to vacate his conviction for one count of use of a firearm during drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1), on the ground that an intervening Supreme Court decision, Bailey v. United States, 116 S. Ct. 501, 505 (1995), renders the factual basis of his conviction insufficient to support his § 924(c) conviction.

Munoz was convicted in 1989 of conspiracy to distribute cocaine; three counts of distribution of cocaine; possession with intent to distribute cocaine; and the use of a firearm during these drug trafficking crimes. He was sentenced to sixty-three months for the drug trafficking counts and sixty months for the § 924(c) firearm count, to be served consecutively. Munoz unsuccessfully raised the sufficiency of evidence supporting his § 924(c) firearm conviction in his direct appeal in 1990, and filed an unsuccessful collateral attack on his conviction under 28 U.S.C. § 2255 in 1992. Munoz completed his drug conviction sentence on August 20, 1996, and has been released on bail pending resolution of this appeal.

Munoz's firearm conviction was based on the presence of a firearm found in his bedroom six feet from the closet in which the cocaine was found. The government admits Munoz was never observed with the firearm during his drug

transactions, and made no move toward the weapon when the search warrant for his home was being executed. At the time of Munoz's conviction, these facts adequately supported a conviction for the firearm offense in this circuit. See, e.g., United States v. Parrish, 925 F.2d 1293, 1297-98 (10th Cir. 1991). However, the Supreme Court held in Bailey that "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." 116 S. Ct. at 508.

In rejecting Munoz's § 2255 motion, the district court concluded that these facts satisfied the Bailey test because the bedroom was where the drugs were kept, and, therefore, the gun was there for the protection of the drug activity. The district court also concluded Bailey would not have retroactive effect.

After the date of the district court's decision, this court held that Bailey has retroactive application to cases on collateral review, United States v. Barnhardt, No. 96-6127, 1996 WL 473314, at *2 (10th Cir. Aug. 20, 1996). Further, the government concedes that the factual basis in the record is insufficient to support a conviction for use of a firearm in relation to the predicate drug offenses under Bailey, and that the proper remedy is for Munoz's conviction and sentence under § 924(c) to be vacated. Appellee's Br., at 10.

Under the facts of this case, we agree that insufficient evidence was presented at trial to support a conviction under § 924(c) in light of Bailey. We

-3-

therefore grant Munoz's motion and vacate his conviction under 18 U.S.C. § 924(c). The government requests, however, that this court remand this case to the district court for resentencing so that it may seek a two-level sentence enhancement of Munoz's drug trafficking sentences under U.S.S.G. § 2D1.1(b)(1). The government relies upon United States v. Lang, 81 F.3d 955, 963 (10th Cir. 1996), in which this court held that, when a defendant successfully challenges his § 924(c) conviction on direct appeal in light of Bailey, a district court may reopen the defendant's drug conviction sentence in order to impose an enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during commission of an offense involving drugs.

However, unlike Lang, which involved a direct appeal, Munoz's challenge is brought under 28 U.S.C. § 2255. It appears no circuit court has yet reached the issue of whether a § 2255 Bailey petitioner can be resentenced on counts not challenged by petitioner in his § 2255 motion. Numerous district courts have considered the issue, with differing results. Compare United States v. Forrest, __ F. Supp. __, 1996 WL 428710, at *4-5 (E.D. Va. July 29, 1996)(holding the district court lacked authority to resentence a § 2255 petitioner on unchallenged convictions); Rodriguez v. United States, __ F. Supp. __, 1996 WL 361538, at *5-8 (S.D.N.Y. June 27, 1996)(same); Dossett v. United States, 931 F. Supp. 686, 687-88, (D.S.D. June 20, 1996)(same); Warner v. United States, 926 F. Supp.

1387, 1391-98 (E.D. Ark. 1996)(same); and Beal v. United States, 924 F. Supp. 913, 917 (D. Minn. 1996)(same), with Woodhouse v. United States, __ F. Supp.__, 1996 WL 421866, at *2-5 (C.D. Ill. July 26, 1996)(concluding district court does have authority to resentence a § 2255 petitioner on unchallenged counts); United States v. Tolson, __ F. Supp. __, 1996 WL 425938, at *2-4 (D.D.C. July 22, 1996)(same); Merritt v. United States, 930 F. Supp. 1109, 1111-15 (E.D.N.C. 1996)(same); and Mixon v. United States, 926 F. Supp. 178, 180-81 (S.D. Ala. 1996)(same).

Some district courts have also considered this issue in the context presented here, in which the petitioner has already completed his sentence for his drug conviction, also with differing results. Compare Woodhouse, 1996 WL 421866, at *5, and Merritt, 930 F. Supp. at 1115 (concluding resentencing on counts for which the original sentence has been fully served does not violate petitioner's double jeopardy or due process rights), with Warner, 926 F. Supp. at 1393-95 (holding that double jeopardy and due process preclude a district court from resentencing on counts already fully served).

We express no opinion on these issues, however, because they were never presented to the district court, nor were they briefed by the parties on appeal. Accordingly, we remand to the district court for determination in the first instance of the resentencing issue.

The judgment of the United States District Court for the District of Colorado is REVERSED, the conviction under 18 U.S.C. § 924(c) is VACATED, and the case is REMANDED for determination by the district court of the government's sentence enhancement request.

Entered for the Court


John C. Porfilio
Circuit Judge