UNITED STATES of America, Plaintiff,

v.

Tracy Andrew TURNER, Defendant.

No. 91–CR–211L.

United States District Court,
W.D. New York.

Feb. 1, 1996.

Joseph Nesser, Rochester, NY, for defendant.

Christopher V. Taffe, Asst. U.S. Atty., United States Attorney Office, Rochester, NY, for U.S.

## DECISION AND ORDER

LARIMER, Chief Judge.

On May 6, 1992, after a jury trial, defendant, Tracy Andrew Turner, was convicted on one count of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and sentenced to five years imprisonment plus three years of supervised release. Turner has now filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The Government does not oppose the motion. For the reasons that follow, the motion is granted.

## DISCUSSION

I. *Retroactive Application of Bailey v. United States*

On December 6, 1995, more than three years after Turner's conviction had been affirmed by the Court of Appeals for the Second Circuit, the United States Supreme Court issued its decision in *Bailey v. United States,* — U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The Court in *Bailey* held that to obtain a conviction for use of a firearm under § 924(c)(1), the Government must prove "an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." at ——, 116 S.Ct. at 505. The Court held that the facts in the two consolidated cases under review, in which a firearm had been found in a bag in the locked trunk of one defendant's car, and in a footlocker in the other defendant's bed-

room closet, were insufficient to support the defendants' convictions.

In so ruling, the Supreme Court implicitly overruled prior Second Circuit authority holding that a defendant could be convicted under § 924(c)(1) based on evidence that the firearm was physically available to the defendant or that the defendant intended to use it if the need arose. *See, e.g., United States v. Fermin,* 32 F.3d 674, 678 (2d Cir.1994) (firearm in closet), *cert. denied,* —— U.S. ——, 115 S.Ct. 1145, 130 L.Ed.2d 1104 (1995); *United States v. Torres,* 901 F.2d 205, 217–18 (2d Cir.) (firearm underneath mattress), *cert. denied,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990); *United States v. Alvarado,* 882 F.2d 645, 654 (2d Cir.1989) (firearm inside locked safe), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1114, 107 L.Ed.2d 1021 (1990); *United States v. Meggett,* 875 F.2d 24, 29 (2d Cir.1989) (firearms found behind a chair, in a nightstand drawer, in a dresser drawer, and leaning against wall).

Before analyzing the facts of Turner's case under the standard set forth in *Bailey,* however, it is necessary to decide whether *Bailey* should be applied retroactively. Under the general principles of retroactivity that have been established by the Supreme Court and the Second Circuit, I find that it should.

In *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), the Supreme Court held that in deciding whether a petitioner mounting a collateral attack on his conviction should be given the benefit of case law decided after his conviction, "the appropriate inquiry [is] whether the claimed error of law was a 'fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t present[s] exceptional circumstances where the need for the remedy afforded' " by collateral relief is apparent. *Id.* at 346, 94 S.Ct. at 2305. On the facts before it, the Court held that where the defendant's conviction, which had been affirmed by the Court of Appeals for the Ninth Circuit, was later called into question by another Ninth Circuit case on almost identical facts, the injustice that would occur if the new Ninth Circuit case were not applied retroactively would be sufficiently egregious to warrant retroactivity. The Court stated

that to uphold a conviction "for an act that the law does not make criminal ... 'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under § 2255." *Id.* at 346–47, 94 S.Ct. at 2305–06.

The continued vitality of *Davis* is not affected by the Supreme Court's subsequent decision in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which held that new constitutional rules of criminal procedure are generally not to be applied retroactively. *Teague* and its progeny deal with changes in procedural law, and therefore left intact *Davis's* applicability to the retroactivity of decisions dealing with substantive criminal law. *Ianniello v. United States,* 10 F.3d 59, 63 (2d Cir.1993). Since *Bailey* dealt with the meaning of a substantive criminal statute, its retroactivity is governed by *Davis* rather than *Teague,* for " 'a statute cannot "mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards." ' " *United States v. Dashney,* 52 F.3d 298, 299 (10th Cir.1995) (quoting *United States v. Shelton,* 848 F.2d 1485, 1489 (10th Cir.1988)). *See also United States v. McKie,* 73 F.3d 1149, 1152 (D.C.Cir.1996); *Chambers v. United States,* 22 F.3d 939, 942 (9th Cir. 1994), *vacated on other grounds,* 47 F.3d 1015 (1995).

The Second Circuit has given retroactive effect to cases that alter substantive criminal law if, under the "new" case, a previously-convicted defendant could be found not to have committed the offense. For example, in *Ianniello,* 10 F.3d 59, the court applied retroactively a Second Circuit case that added a "relatedness" requirement to the elements necessary to prove a "pattern" of activity under the RICO statute, stating that otherwise the defendant could "suffer[ ] a fundamental wrong: conviction for conduct that is not illegal." *Id.* at 62.

Similarly, the court in *Ingber v. Enzor,* 841 F.2d 450 (2d Cir.1988), affirmed the district court's order vacating the defendant's conviction on one count of mail fraud, based on a post-conviction Supreme Court decision holding that the mail fraud statute was limited to protection of property rights, and did not

apply to intangible rights. Noting that on one of the two counts on which the defendant was convicted, the jury could have based its verdict on the Government's theory that the defendant had deprived the victims of their intangible right to fair and impartial elections, the court stated that since the Supreme Court's decision had "overrule[d] our prior decisions holding certain conduct under the mail fraud statute criminal, reversing years of circuit precedent, we conclude that it should be applied retroactively in Ingber's case." *Id.* at 455.

The same reasoning applies in the case at bar. As noted, *Bailey* overruled prior Second Circuit authority by raising the threshold of proof needed to establish a defendant's use of a firearm under § 924(c)(1). Because a defendant convicted under the prior construction of the statute might not be guilty under *Bailey, Bailey* should be applied retroactively to such cases.

*II. Application of Bailey to Turner's Case*

■ As the Government concedes on this motion, the proof at the trial concerning Turner's use of a firearm was no stronger than the proof in *Bailey*. Turner was arrested in a guest bedroom on the second floor of a residence. After Turner was taken into custody, the police conducted a search of the house and found a handbag on a table in the downstairs living room. The handbag contained, among other things, a pistol, a quantity of cocaine, and a letter addressed to Turner.

Under *Bailey's* construction of the word "use," these facts are not sufficient to support a finding that Turner used the handgun in question. None of the examples of "use" given in *Bailey*—"brandishing, displaying, bartering, striking with, ... firing or attempting to fire, a firearm," or referring to a firearm so as to intimidate another person, —— U.S. at ——, 116 S.Ct. at 508—was present here. Instead, the evidence showed nothing more than the "inert presence of a firearm, [which,] *without more, is not enough*

to trigger § 924(c)(1). ... A defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." *Id.* Turner's conviction under § 924(c)(1) must therefore be vacated.[1]

I hasten to add, however, that the result here is based on the particular facts of this case, which conclusively demonstrate that Turner did not "use" the firearm under the standard announced in *Bailey*. The Supreme Court neither stated nor implied that a defendant convicted under § 924(c)(1) is automatically entitled to § 2255 relief simply because he was convicted prior to *Bailey*. If, in a particular case, the evidence at trial clearly showed that the defendant did in fact use a firearm under the *Bailey* standard, relief would not be warranted. *See, e.g., Ianniello,* 10 F.3d at 64 (affirming dismissal of 2255 petition despite retroactive application of post-conviction RICO case requiring proof of "relatedness" of predicate acts, since evidence demonstrated relatedness beyond reasonable doubt); *Ingber,* 841 F.2d at 455–56 (affirming district court's denial of relief on one of two counts of mail fraud, since evidence showed that fraud charged in that count had caused victims to suffer tangible loss as required by post-conviction Supreme Court decision).

### CONCLUSION

Defendant's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 is granted, and the indictment is dismissed.

Defendant is ordered to be released from custody immediately upon entry of this Decision and Order.

IT IS SO ORDERED.

---

**1.** Although § 924(c)(1) also makes it an offense to "carry" a firearm during and in relation to a drug trafficking crime (the meaning of which was not addressed in *Bailey*), the Government conceded at trial that the proof here did not show that Turner had carried the weapon, so it is unnecessary to consider whether his conviction could be upheld on that ground.