**UNITED STATES of America**

v.

**Emanuel BROWN.**

**Criminal No. 89–310.**

United States District Court,
E.D. Louisiana.

Feb. 12, 1996.

Emanuel Brown, pro se.

Eddie J. Jordan, Jr., United States Attorney, E.D.La., Joseph F. Iuzzolino, Assistant United States Attorney, E.D.La., New Orleans, Louisiana, for the Government.

---

1. Brown filed four unsuccessful prior § 2255 motions. However, because the instant motion is based upon a Supreme Court decision subsequent to the earlier motions for post conviction

### ORDER AND REASONS

DUPLANTIER, District Judge.

Defendant's *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 was considered on memoranda. For the following reasons the motion is **GRANTED.**

In 1989, a jury found defendant guilty on one count of conspiracy to distribute cocaine and on several substantive counts of distributing cocaine. The jury also found defendant guilty of Count 6 of the indictment, which charged that Brown used and carried firearms in relation to the commission of the drug conspiracy. 18 U.S.C. § 924(c)(1).

Defendant was sentenced to a term of 168 months as to each of counts 1, 2, and 3, to run concurrently, and to a consecutive five year term of imprisonment on the gun count, the minimum required by the applicable statute. 18 U.S.C. § 924(c)(1). His conviction and sentence were affirmed on appeal. *U.S. v. Emanuel Brown,* 921 F.2d 559 (5th Cir. 1991), *cert. denied,* 501 U.S. 1237, 111 S.Ct. 2869, 115 L.Ed.2d 1035 (1991).

Defendant's § 2255 motion challenges his conviction on the gun count, based upon *Bailey v. United States,* decided long after defendant's conviction. —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).[1] Retroactive application of *Bailey* is apparently conceded by the government.

The jury which convicted Brown in 1989 was charged according to then-current Fifth Circuit law as to the gun count. *See United States v. Raborn,* 872 F.2d 589 (5th Cir.1989). The pertinent part of the jury charge, quoted below, was substantially similar to the Fifth Circuit Pattern Jury Instruction 2.45:

The government is not required to prove that the defendant under consideration actually fired the weapon or brandished it at someone in order to prove use, as that term is used in these instructions. However, you must be convinced beyond a reasonable doubt that the firearm played a role or facilitated the commission of the

relief, Rule 9(b), Rules Governing Section 2255 cases is inapplicable. The government does not contend otherwise.

conspiracy offense. In other words, you must find that the firearm was an integral part of the conspiracy charged in Count 1.

The availability or the lack of availability of a firearm to the defendant under consideration during the commission of a drug trafficking offense, the conspiracy, is a factor which you may consider in determining whether the firearm was an integral part of the drug offense charges.

■ This jury charge was clearly incorrect under *Bailey*, which holds that the "use" provision in § 924(c)(1) requires proof that the defendant actively employed a firearm as an operative factor in relation to the predicate offense; evidence of the proximity and accessibility of the firearm to drugs is not sufficient to support a conviction under the "use" prong of § 924(c)(1). *Bailey*, —— U.S. at ——, 116 S.Ct. at 505.

■ While the indictment charged that Brown "used and carried" firearms in relation to a drug offense, the government has never contended that Brown violated the "carry" prong of the statute. Because the evidence against Brown was clearly insufficient to sustain a conviction for "use", as that term is defined in *Bailey*, his conviction on the gun count must be set aside. The *only* evidence as to firearms on the date charged in Count 6 of the indictment was the discovery of two handguns and ammunition in a box under a bed in an apartment occupied by one of the co-conspirators; no co-conspirator was even present in the apartment at the time of the discovery. Indeed, in its response to Brown's motion, the government points to no evidence of "active employment" of a firearm, as required by *Bailey*. "A defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." *Id.* at ——, 116 S.Ct. at 508. The only evidence against Brown or any of his co-conspirators as to firearms on the date charged in the gun count is that guns were stored under the bed in the apartment.

■ There may be cases in which the evidence was arguably sufficient for a properly charged jury to convict under § 924(c)(1) as interpreted by *Bailey*, but this is not such a case. Even if it were, and even if such evidence were overwhelming, the conviction would have to be set aside, and the case remanded for a new trial, because the jury was instructed that it could return a guilty verdict based upon activity by the defendant which did not constitute a crime. The Fifth and Sixth Amendments "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin*, —— U.S. ——, ——, 115 S.Ct. 2310, 2313, 132 L.Ed.2d 444 (1995).

Because the evidence was clearly insufficient to sustain the gun count conviction, I grant Brown's motion for post-conviction relief and set aside his conviction and sentence on Count 6 of the indictment.