**UNITED STATES of America**

v.

**Llewellyn Charles CRAWFORD,
Defendant.**

**Civil Action No. 2:96cv358.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 2, 1996.

William David Muhr, Robert J. Krask, Assistant United States Attorneys, Norfolk, VA, for U.S.

David L. Arnold, Pender & Coward, P.C., Virginia Beach, VA, for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court for resolution of defendant's motion to vacate, set aside, or correct sentence of a person in federal custody, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 1994, defendant pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The Assistant United States Attorney offered the following evidence as a factual basis for the plea. On September 30, 1993, a confidential and reliable informant provided information to Detective Chappell of the Portsmouth Police Department that a man named Lu Lu was operating a black Ford pickup with a silver toolbox in the bed of the truck. The informant said that he had personal knowledge that the toolbox contained narcotics and a handgun. He gave a detailed description of Lu Lu, who turned out to be defendant, and said that the truck was in the front of the Quick Shop on Columbus Avenue in Portsmouth.

Detective Chappell relayed this information to Detectives Snipes and Rivera, who then went to the Quick Shop. Soon after they arrived, the black pickup truck pulled into the parking lot. As they approached the truck, defendant was getting out. The detectives stopped defendant and frisked him. During the frisk, they discovered on defen-

dant's person a capsule with residue in it and a set of keys. The detectives used the keys to open the silver toolbox lying in the bed of the truck. Inside the box, they found 25 capsules of heroin and a loaded .38 semiautomatic pistol. In addition, the detectives seized $2,337 in U.S. currency from the toolbox and defendant's jacket.

Defendant was advised of his Miranda rights, and he subsequently gave a statement. He said that the drugs were his, and that he had been in Lincoln Park for the past thirty minutes selling heroin. In regard to the handgun, he said, "you never know who is going to come upon you." Defendant said that the money which the detectives seized was proceeds for the drug sales.

Defendant granted the detectives permission to search his residence at 3600 Elliott Avenue in Portsmouth, Virginia, and said that they would find drugs in the closet. The detectives went to defendant's residence and found another 45 capsules of heroin. All the drugs which were seized from defendant were analyzed at a lab and were determined to be heroin.

Upon inquiry from the court, defendant agreed with the Government's proffer of evidence. Based on defendant's plea and the Government's proffer, the court then found as a fact that defendant did commit the crimes as alleged in the indictment and accepted defendant's plea of guilty.

Defendant's sentencing hearing was held on December 8, 1994. The court sentenced defendant to twenty-four months imprisonment on the drug count and sixty months imprisonment on the gun count, to run consecutively.

On April 4, 1996, defendant filed the present motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. Defendant argues that his conviction and sentence for the violation of section 924(c)(1) must be vacated as a result of the Supreme Court's recent decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which clarified the "use" prong of the statute. Defendant insists that the factual proffer upon which his guilty plea was based does not support a section 924(c)(1) conviction under

the standard articulated by the Court in *Bailey.*

The court ordered the Government to respond to defendant's motion on April 10, 1996. The Government filed its response on June 10, 1996. The matter is now ripe of decision.

## II. STANDARD OF REVIEW

■ Defendant proceeds under 28 U.S.C. § 2255, which provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Furthermore, if the motion is brought before the sentencing judge, the judge may rely on recollections of previous events to dismiss the motion. *Blackledge v. Allison,* 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 1629 n. 4, 52 L.Ed.2d 136 (1977). In this case, the court accepted defendant's guilty plea, conducted the sentencing hearing, and imposed his sentence. Accordingly, the court finds no hearing necessary and addresses defendant's section 2255 motion.

■ The error asserted by defendant in his motion was not raised at his sentencing or on direct appeal to the Fourth Circuit. Accordingly, to obtain relief he must meet the two part "cause and actual prejudice" test. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). Under that test, "[t]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.; United States v. Maybeck,* 23 F.3d 888, 890 n. 1 (4th Cir.1994). This standard presents "a significantly higher hurdle than would exist on direct appeal." *Frady,* 456 U.S. at

166, 102 S.Ct. at 1593. Should a movant fail to demonstrate cause and prejudice, Supreme Court precedent nevertheless authorizes collateral review in a narrow class of cases, where the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979); *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *United States v. Morrow,* 914 F.2d 608, 614 (4th Cir.1990).

### III. Analysis

Defendant argues that his conviction and sentence under section 924(c)(1) must be vacated as a result of the Supreme Court's recent decision in *Bailey v. United States,* — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The Court in *Bailey* narrowed the reach of section 924(c)(1), by interpreting the term "use" more narrowly than previous circuit court precedent.

■ Applying the two part cause and prejudice test, the court finds that defendant has shown adequate cause for his failure to raise the present issue at sentencing because the *Bailey* decision was issued well after defendant's sentencing. "A petitioner seeking collateral relief may be excused from failing to make an objection in the original proceeding if the basis for the objection was not known until after the petitioner's conviction became final." *Abreu v. United States,* 911 F.Supp. 203, 207 (E.D.Va.1996) (citing *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984)).

Having found that defendant has shown cause for his failure to raise this issue at sentencing, the court must now consider whether any prejudice resulted. In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court held that "because a guilty plea is an admission of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an *understanding of the law*

*in relation to the facts." Id.* at 466, 89 S.Ct. at 1171. "A guilty plea that is not both knowing and voluntary is a violation of due process and is thus void." *Id.* Therefore, if defendant's misunderstanding of the law regarding section 924(c)(1), as it relates to the factual circumstances surrounding his case, induced him to pled guilty, his conviction was without a factual basis and, consequently, was invalid. The question regarding the prejudice prong, therefore, is whether the Government's factual proffer supports defendant's section 924(c)(1) conviction after *Bailey.*

■ Even if *Bailey* were controlling law at the time of defendant's sentencing, the Government's factual proffer would have supported defendant's section 924(c)(1) conviction. Section 924(c)(1) provides in relevant part:

> Whoever, during and in relation to any ... drug trafficking crime ... uses *or carries* a firearm, shall, in addition to punishment provided such ... drug trafficking crime, be sentenced to imprisonment for five years.

18 U.S.C. § 924(c)(1) (emphasis added). Section 924(c)(1) prohibits both using and carrying a firearm in relation to a drug trafficking crime. *Bailey* only dealt with the "use" prong. After *Bailey,* "a defendant can no longer be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds", *Bailey,* — U.S. at —, 116 S.Ct. at 508, as this "storage" would not meet the "active employment" test required to show a "use" under the Supreme Court's new interpretation of the law.[1] The Court made clear, however, that the "carry" prong of the statute was not affected by its narrowing of the "use" element:

> While it is undeniable that the active-employment reading of 'use' restricts the scope of § 924(c)(1), the Government often has other means available to charge offenders who mix guns and drugs. The 'carry' prong of § 924(c)(1), for example,

---

1. Courts have thus far uniformly held, and the Government does not contest, that the *Bailey* decision is one of substantive law and is to be retroactively applied. *See, e.g., Abreu v. United States* 911 F.Supp. 203, 206 (E.D.Va.1996) (hold-

ing that "well-settled principles require *Bailey's* retroactive application"); *United States v. Turner,* 914 F.Supp. 48 (W.D.N.Y.1996); *United States v. Brown,* 914 F.Supp. 1380 (E.D.La.1996).

brings some offenders who would not satisfy the use prong within the reach of the statute.

*Id.* at ——, 116 S.Ct. at 509.

█ In this case, defendant pled guilty to both using *and* carrying a firearm in relation to a drug crime. Although the Government concedes that the facts of this case do not support a section 924(c)(1) conviction under the "use" prong, the Government argues, and the court agrees, that the factual proffer supports defendant's conviction under the "carry" prong. As mentioned above, Detectives Snipes and Rivera observed defendant drive up to a Quick Shop in a black pickup with a silver tool box in the bed of the truck. They discovered a .38 caliber pistol in the tool box, along with heroin and a large sum of cash. Defendant confessed to dealing drugs and said that he kept the gun in the tool box because "you never know who is going to come upon you."

Defendant "carried" a firearm in relation to a drug crime when he transported a pistol in the back of his pickup truck. When a drug crime is facilitated by the use of a vehicle, the vehicle itself becomes the means of carrying the weapon. Therefore, when a person uses a vehicle to commit a drug crime, and he has a firearm in the vehicle, he violates the carry prong of section 924(c)(1). *See, e.g., United States v. Pineda–Ortuno,* 952 F.2d 98, 104 (5th Cir.) (observing that the "word 'carry' derives from the french *carrier,* which means 'to transport in a vehicle.'") (quoting *Webster's Third International Dictionary* 353 (1966)), *cert. denied sub nom, Ramirez–Carranza v. United States,* 504 U.S. 928, 112 S.Ct. 1990, 118 L.Ed.2d 587

(1992); *United States v. Freisinger,* 937 F.2d 383, 387 (8th Cir.1991) ("the common usage of "carries" include[s] "carries in a vehicle"); *United States v. Cardenas,* 864 F.2d 1528, 1535–36 (10th Cir.) ("when a motor vehicle is used, 'carrying a weapon' takes on a less restrictive meaning than carrying of the person. The means of carrying is the vehicle, itself, rather than the defendant's hands or pocket...."), *cert. denied,* 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989).[2] Consequently, the factual proffer in this case supports defendant's conviction under the carry prong of section 924(c)(1).

Defendant's guilty plea, therefore, was not based on a misunderstanding of the law as it relates to the facts. This is because the law, as it relates to the facts in defendant's case, is unaffected by the Supreme Court's decision in *Bailey.* Accordingly, defendant cannot show any prejudice from his failure to raise the narrowed interpretation of section 924(c)(1) articulated in *Bailey* prior to his sentencing. On the same reasoning, the court finds no "fundamental defect which would inherently result in a complete miscarriage of justice." *Addonizio,* 442 U.S. at 185, 99 S.Ct. at 2240.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion, pursuant to 28 U.S.C. § 2255, to have his section 924(c)(1) conviction vacated.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Final Order to defendant, defendant's attorney, and

---

2. The Fourth Circuit recently indicated in *United States v. Hayden,* 85 F.3d 153, 161–62 (4th Cir. 1996), that a conviction under the carry prong of section 924(c)(1) requires proof that the weapon was within the defendant's reach and available for his immediate use. *Id.* at 161–62 (citing *United States v. Riascos–Suarez,* 73 F.3d 616, 622–23 (6th Cir.1996)). That case, however, is not controlling here. In *Hayden,* the court held that where a firearm was found in the defendant's bedroom, the facts did not support a conviction under either the use or carry prong of section 924(c)(1). *Id.* In this case, defendant used a pickup to conduct drug transactions and a pistol was found in the bed of the truck. *Hayden*

was a nonvehicle case. In the nonvehicle context, the availability test is appropriate; it is not applicable, however, when a vehicle is used because the vehicle itself is the means of carrying the firearm. *Pineda–Ortuno,* 952 F.2d at 104 ("The cases requiring "easy reach" are the result of judicial expansions of the definition of "carrying" in a nonvehicle context. When a vehicle is used, "carrying" takes on a different meaning from carrying on the person because the means of carrying is the vehicle itself."); *see also United States v. Bland,* 92–317–A (E.D.Va.1996) (rejecting the reasoning of *Riascos–Suarez,* 73 F.3d at 622–23, and by implication *Hayden,* in the vehicle context).

Robert J. Krask, Assistant United States Attorney in Norfolk.

It is so ORDERED.