UNITED STATES of America

v.

Wanda Denise FORREST.

CR. No. 2:95cr85.
Civil Action No. 2:96cv368.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 29, 1996.

Arenda L. Wright Allen, U.S. Attorney's Office, Norfolk, VA, for Plaintiff.

Keith Kimball, Virginia Beach, VA, for Defendant.

## *ORDER*

CLARKE, District Judge.

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

For the reasons discussed below, the Court **GRANTS** Petitioner's motion and vacates her conviction under 18 U.S.C. § 924(c)(1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 1995, Petitioner Wanda Denise Forrest pled guilty to (1) conspiracy to distribute "crack" cocaine, in violation of 21 U.S.C. § 846 (Count I), and (2) *use*[1] of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count III). As the factual basis for the plea, the Assistant United States Attorney offered the following evidence.[2] On May 6, 1994, several Chesapeake police officers executed a search warrant at the residence of Petitioner and her co-conspirator, Arthur Lee Parker. The officers knocked on a door adjacent to the kitchen area and announced their presence as police officers. Parker fled to the bedroom and closed the door in an attempt to prevent the police from entering. The police searched the apartment and found 220 grams of crack cocaine and eleven firearms, two of which were loaded. According to the facts in the Presentence Investigation Report (PSR) which was prepared for Petitioner's sentencing,[3] these eleven guns were located as follows: one was under the mattress, one was behind the headboard, and nine were recovered from inside a chest of drawers. PSR ¶ 6. Petitioner admitted ownership of one of the handguns that was discovered.

The police subsequently executed another search warrant at the same apartment on October 12, 1994, where they found 51 grams of crack cocaine and two loaded firearms. These two firearms were found next to a shoe box top, which was located behind a dresser. PSR ¶ 8. At the end of the government's proffer, Petitioner agreed that all the factual information related by the Assistant United States Attorney was accurate. Tr. of Guilty Plea at 47–48.

On December 13, 1995, Petitioner was sentenced to 120 months of imprisonment on Count I and 60 months on Count III to run consecutively to Count I. Petitioner did not appeal.

Petitioner filed the present § 2255 motion on April 11, 1996. In her motion, Petitioner asks the Court to vacate the portion of her conviction and sentence imposed under 18 U.S.C. § 924(c)(1). She bases her claim on the recent Supreme Court decision, *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which clarified the meaning and application of the word "use" found in § 924(c)(1), and on *Abreu v. United States,* 911 F.Supp. 203 (E.D.Va.1996) (Ellis, J.), an Eastern District of Virginia case in which *Bailey* was applied retroactively. She has requested a hearing on the matter. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court instructed the government to answer Petitioner's motion and granted Petitioner time in which to reply to the government. The government's response was received on April 26, 1996. No reply has been received from Petitioner. Consequently, the matter is now ready for consideration.

## II. ANALYSIS

### A. Scope and Standard of Review

The scope of a § 2255 collateral attack is far more limited than an appeal and thus, a "collateral challenge may not do service for an appeal." *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Procedural default will bar consideration under § 2255 of any matter that could have been pressed on appeal but was not, unless the requisite showing of "cause" for the default and "actual prejudice" resulting from the error is made. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *see also Davis v. United States,* 411 U.S. 233, 239, 93 S.Ct. 1577, 1581, 36 L.Ed.2d 216 (1973) (citing *Kaufman v. United States,* 394 U.S. 217,

---

**1.** She did not plead guilty to the "carry" prong of the statute. *See* Plea Agreement at 1.

**2.** For a complete recitation of the government's factual proffer, see Tr. of Guilty Plea at 44–47.

**3.** The facts used in PSR were obtained from the government's file.

89 S.Ct. 1068, 22 L.Ed.2d 227 (1969)) (collateral challenge cannot be denied solely because petitioner failed to appeal). Furthermore, a Court may grant collateral relief under § 2255 only where the putative error is jurisdictional, constitutional, or an error of law which inherently resulted in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979).

## B. Conviction under 18 U.S.C. § 924(c)(1)

■■■ Petitioner argues that her conviction and sentence under 18 U.S.C. § 924(c)(1) should be vacated as a result of the Supreme Court's recent decision in *Bailey*. Section 924(c)(1) requires the imposition of certain penalties if "during or in relation to any … drug trafficking crime … [the defendant] uses or carries a firearm." In *Bailey*, the Supreme Court explained that the term " 'use' must connote more than mere possession of a firearm by a person who commits a drug offense." —— U.S. at ——, 116 S.Ct. at 506. The "inert presence" of a firearm is insufficient to trigger the statute. *Id.* at ——, 116 S.Ct. at 508. Thus, "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds. Storage of a firearm, without its more active employment, is not reasonably distinguishable from possession." *Id.*

■■■ In this case, the guns at issue were located under a mattress, behind a headboard, in a chest of drawers, and behind a dresser. No factual evidence was presented which indicates that Petitioner actively employed her gun during the course of a drug sale. Under *Bailey*, therefore, this evidence is insufficient to support a conviction for the "use" of a firearm during a drug trafficking crime. A number of courts have applied *Bailey* retroactively. *E.g., Abreu,* 911 F.Supp. 203; *United States v. Fletcher,* 919 F.Supp. 384 (D.Kan.1996); *United States v. Turner,* 914 F.Supp. 48 (W.D.N.Y.1996); *United States v. Brown,* 914 F.Supp. 1380 (E.D.La.1996); *see also United States v. Bonnette,* 781 F.2d 357, 362 (4th Cir.1986) (a

decision may apply retroactively "when a court reinterprets a criminal statute so as to narrow it, thus essentially repealing the statute as to some defendants"). Consequently, *Bailey* will apply retroactively in Petitioner's case if she can make the requisite showing of cause and prejudice.[4]

■■■ Petitioner argues that she is able to establish cause for her procedural default. Adequate cause exists where the petitioner "fail[s] to make an objection in the original proceeding if the basis for the objection was not known until after the petitioner's conviction became final." *Abreu,* 911 F.Supp. at 207 (citing *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984)). Petitioner pled guilty to the firearm charge prior to the *Bailey* decision. At that time, under Fourth Circuit precedent, the evidence in her case would have supported a conviction under § 924(c)(1). *See United States v. Paz,* 927 F.2d 176, 179 (4th Cir.1991); *United States v. Brockington,* 849 F.2d 872, 876 (4th Cir. 1988). Petitioner was sentenced one week after *Bailey* was decided by the Supreme Court. Thus, this issue could have been raised at the sentencing hearing if Petitioner or her counsel had been aware of the decision immediately after its entry. Petitioner's attorney, however, states that he did not learn of the *Bailey* decision until shortly after the sentencing hearing. The government has not argued that Petitioner's excuse for failing to raise the issue earlier should not be accepted. Accordingly, the Court finds that Petitioner has established cause for her procedural default.

■■■ Petitioner also maintains that she can establish prejudice. She claims that "she has been prejudiced by the error of pleading guilty to a violation of 18 U.S.C. § 924(c)(1)." Pet.'s Mot. at 8. The government, however, argues that because Petitioner pled guilty to the offense, she cannot challenge the factual basis of her plea, and thus, notwithstanding *Bailey,* her plea cannot be altered. Gov.'s Resp. at 4. This position, however, is incorrect under the facts and circumstances of

---

**4.** Petitioner did not raise this issue at sentencing or on appeal. Consequently, absent a showing of cause and prejudice, procedural default will bar

consideration under § 2255 of this matter. *See* discussion *supra* Part II.A.

this case. A guilty plea may be rendered invalid if it was involuntary. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1960) ("A guilty plea that is not both voluntary and knowing is in violation of due process and is thus void."); *Abreu*, 911 F.Supp. at 207. In order for a guilty plea to be considered voluntary, the defendant must possess an understanding of the relevant law in relation to the facts of her case. *McCarthy*, at 466, 89 S.Ct. at 1171. Thus, if Petitioner's "misunderstanding of the law regarding section 924(c)(1), as it relates to the factual circumstances surrounding [her] case, induced [her] to plead guilty, [her] conviction was without a factual basis and, consequently, was invalid." *United States v. Crawford*, 932 F.Supp. 748 (E.D.Va.1996) (Smith, J.); *accord Abreu*, 911 F.Supp. at 207; *see also Fletcher*, 919 F.Supp. at 388 (permitting the defendant to raise a jurisdictional defect via a § 2255 motion where he pled guilty "to something which was not a crime"). Thus, under the rationale of *Crawford* and *Abreu*, Petitioner's plea of guilty to § 924(c)(1) is invalid. Because she received the mandatory consecutive five year minimum sentence on this count, Petitioner has been prejudiced by her plea of guilty.

## C. Enhancement of Count I under Sentencing Guidelines

▮ The government also argues that if the Court finds that *Bailey* does apply to Petitioner's case, thus requiring Count III to be vacated, the Court should hold Petitioner accountable for the firearms by enhancing her sentence under Count I. The government suggests that the evidence presented at the guilty plea hearing and the evidence discussed in the PSR would be sufficient to support the application of the firearm enhancement, U.S.S.G. § 2D1.1(b)(1), to Petitioner's conspiracy conviction.

Petitioner has not filed an objection to the requested enhancement of her conspiracy conviction. The issue of whether a district court, during the course of a § 2255 proceeding, may apply the firearm enhancement to a separate count after vacating a § 924(c)(1) conviction under *Bailey* has recently been raised in a number of cases.[5] Courts' rationales and the resulting decisions have differed. A few courts have held that they did not have the authority to resentence the petitioner on the underlying drug count. *Warner v. United States*, 926 F.Supp. 1387 (E.D.Ark.1996); *Gardiner v. United States*, 1996 WL 224798 (D.Minn., May 3, 1996). In *Warner* and *Gardiner*, the courts concluded that there was no statutory basis allowing a district court to "modify[ ] a sentence imposed on a valid conviction after a successful collateral attack on a *separate*, invalid conviction." *Gardiner*, 1996 WL 224798 at *1 (emphasis added); *accord Warner*, 926 F.Supp. at 1396–98; *see also Alton v. United States*, 928 F.Supp. 885 (E.D.Mo.1996) (imposing the two-point enhancement because defendant not only challenged his firearm conviction under *Bailey*, but also challenged his underlying drug convictions, thus opening the door to resentence him under those counts). The *Warner* court analyzed both 18 U.S.C. § 3582, which delineates situations in which a court may alter a previously-imposed sentence, and Rule 35 of the Rules of Criminal Procedure, which describes certain limited circumstances in which a court may correct or reduce a sentence, and found that neither provide authority to resentence a defendant on a count separate from the one which was challenged in the habeas petition. 926 F.Supp. at 1396–97. Furthermore, neither the *Warner* nor the *Gardiner* court could locate a statutory provision that permits the government to request resentencing on a count which was not challenged by the peti-

---

**5.** Where the *Bailey* challenge has been raised during a direct appeal, circuit courts have held that they may remand for resentencing on all counts. *E.g.*, *United States v. Clements*, 86 F.3d 599, 600–601 (6th Cir.1996); *United States v. Lang*, 81 F.3d 955, 963 (10th Cir.1996); *United States v. Fennell*, 77 F.3d 510, 510–11 (D.C.Cir. 1996); *United States v. Roulette*, 75 F.3d 418, 426 (8th Cir.1996); *see also United States v. Sedgwick*,

86 F.3d 1153, 1996 WL 281635, at *3 (4th Cir. 1996) (unpublished). One court based its decision on 28 U.S.C. § 2106 which specifically grants this authority by "vest[ing] courts of appeals with the supervisory power to vacate and remand an entire sentencing package despite the fact that it includes an unchallenged sentence." *Clements*, 86 F.3d at 600.

tioner in the § 2255 motion. *Id.* at 1397–98; *Gardiner,* 1996 WL 224798 at \*1; *see also Mixon v. United States,* 926 F.Supp. 178, 181 (S.D.Ala.1996) (stating that the government may not request resentencing). These courts concluded, therefore, that such an enhancement of another count was impermissible and beyond the jurisdiction of the district court.

On the other hand, a number of courts have resentenced the petitioner and enhanced the underlying drug charge. *Mixon,* 926 F.Supp. 178; *Sanabria v. United States,* 916 F.Supp. 106, 115 (D.P.R.1996); *United States v. Trevino,* 1996 WL 252570 (N.D.Ill. May 10, 1996); *see also Alton,* 928 F.Supp. 885, 887–88 (applying an enhancement but only after the petitioner had "opened the door" to the underlying drug conviction by attacking these counts as well); *United States v. Seibert,* 1996 WL 221768 (E.D.Pa. Apr. 26, 1996) (petitioner agreed that he would have to be resentenced; petitioner also raised problems with the underlying drug convictions). Contrary to the *Warner–Gardiner* rationale, these courts viewed the petitioner's original sentence as a "package" or "unit;" thus, a request to modify one count also permitted reconsideration of the entire sentence. *Mixon,* 926 F.Supp. at 182; *Trevino,* 1996 WL 252570 at \*2–3.[6]

This Court agrees with the rationale set forth by the first line of cases. The Court cannot find authority for altering Count I of Petitioner's original sentence nor has the government pointed to any provision under which it is permitted to request resentencing. Accordingly, the Court **DENIES** the government's request for an application of the firearm enhancement to Count 1.

### III. CONCLUSION

Petitioner has clearly demonstrated that the facts of her case fall squarely within *Bailey;* consequently, the evidence is insufficient to support a conviction under 18 U.S.C. § 924(c)(1). By showing the requisite cause and prejudice, Petitioner has also established that she is entitled to relief under 28 U.S.C. § 2255. Petitioner has asked this Court to

grant an evidentiary hearing on this matter. The government's position against granting Petitioner's § 2255 motion was based on purely legal, as opposed to factual, arguments. These arguments have already been decided by the Court in favor of Petitioner. Therefore, rather than holding an evidentiary hearing on the motion at the expense of the government which would not further assist the Court in making its decision, the Court **GRANTS** Petitioner's motion. *See Sanabria,* 916 F.Supp. at 114–15 (no need for new sentencing hearing where resentencing is beneficial to the defendant and the facts of the case are clearly established in the record and the PSR). Accordingly, Petitioner's conviction under Count III for violation of 18 U.S.C. § 924(c)(1) is **VACATED** and her 60 month sentence on that count is likewise **VACATED.** The government is **ORDERED** to refund to Petitioner the $50 special assessment she paid with regard to the § 924(c)(1) conviction. The Court **DENIES** the government's request for a resentencing hearing on Count I.

**IT IS SO ORDERED.**

---

**6.** The *Sanabria* court, although resentencing the defendant, did not discuss potential procedural or constitutional bars to the application of the enhancement. 916 F.Supp. at 114.