**UNITED STATES of America, Appellee,**

v.

**Richard ESTRADA, also known as Taco Estrada, Appellant.**

**No. 94–2816.**

United States Court of Appeals, Eighth Circuit.

Submitted March 4, 1996.

Decided June 4, 1996.

Kent R. Cutler, Sioux Falls, SD, for appellant.

Ted McBride, Sioux Falls, SD, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG, Circuit Judge, and WILSON,* District Judge.

WILSON, District Judge.

Defendant/appellant Richard Estrada ("Estrada") was convicted in the United States District Court, District of South Dakota, of conspiracy to distribute controlled substances, a violation of 21 U.S.C. § 846, and using or carrying a firearm in relation to drug trafficking, a violation of 18 U.S.C. § 924(c)(1). Defendant appealed and this Court affirmed both the conspiracy conviction and the firearm conviction. *United States v. Estrada,* 45 F.3d 1215. After the decision was rendered in this case, the United States Supreme Court decided *Bailey v. United States,* 516 U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Estrada appealed this Court's decision and the United States Supreme Court granted writ of certiorari. The Supreme Court vacated this Court's judgment and remanded the case for further consideration in light of its recent holding in *Bailey, supra. Estrada v. United States,*

—— U.S. ——, 116 S.Ct. 664, 133 L.Ed.2d 516 (1995).

In *Bailey,* the Supreme Court held that to sustain a conviction under 18 U.S.C. § 924(c)(1), the government must present "evidence sufficient to show an active employment of the firearm by the defendant." *Bailey,* 516 U.S. at ——, 116 S.Ct. at 505. The Court further stated that the mere storage of weapons in close proximity to drugs or drug proceeds is insufficient to constitute "active employment." *Bailey* at ——, 116 S.Ct. at 508. Additionally, the Court concluded that "[i]f the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not 'used'." *Id.*

As this Court noted in its prior decision, a Mach 10 and a .22 caliber revolver were found in co-conspirator Dosset's bedroom. A partially loaded magazine for the Mach 10 was found within five to seven feet from the bed in Dosset's bedroom. There was no evidence at trial suggesting that Estrada "actively employed" the firearms as that phrase has been defined by *Bailey, supra.* Absent such evidence, a conviction under 18 U.S.C. § 924(c)(1) cannot be sustained.

In light of the Supreme Court's holding in *Bailey,* Estrada's conviction for using or carrying a firearm in relation to drug trafficking is reversed for lack of evidence and the case is remanded to the district court for resentencing on the remaining count. Estrada's conspiracy conviction, however, is again affirmed.

* The Hon. William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.