Daniel DOSSETT, Movant,

v.

UNITED STATES of America,
Respondent.

Civ. No. 96–4021.
CR 93–40059–02.

United States District Court,
D. South Dakota,
Southern Division.

June 20, 1996.

Thomas M. Keller, Heege & Keller, Sioux Falls, SD, for Movant.

Dennis Holmes, Asst. U.S. Atty., Sioux Falls, SD, Ted L. McBride, Asst. U.S. Atty., Rapid City, SD, for Respondent.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

This matter is before the Court on Daniel Dossett's motion to vacate the consecutive 60–month sentence imposed upon his conviction for use of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c). The Eighth Circuit affirmed Dossett's drug and firearm convictions in *United States v. Estrada,* 45 F.3d 1215 (8th Cir.1995). The government agrees that Dossett's conviction and sentence under § 924(c) must be vacated in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Under the facts of this case, the government produced insufficient evidence at trial to prove that Dossett actively employed a firearm as part of the drug trafficking activity for which he was convicted under Count I of the indictment, as *Bailey* requires. Therefore, the Court grants Dossett's motion to vacate the § 924(c) conviction and the consecutive 60–month sentence imposed on Count VII of the indictment.

Dossett was also convicted on Count I of the indictment, which charged him with conspiracy to distribute and possession with intent to distribute a controlled substance. At sentencing in July 1994, the Court did not impose a two-level enhancement for possession of a firearm under USSG § 2D1.1(b)(1) (1993), because that conduct was accounted for in the consecutive mandatory sentence imposed for the firearm conviction under § 924(c). *See* USSG § 2K2.4, comment. (n.

2) (1993). The drug sentence was in all other respects a valid sentence. Dossett is currently serving the 37–month sentence imposed on Count I.

The government now asks the Court to resentence Dossett on Count I to impose the two-level increase for possession of a firearm, citing cases in which appellate courts have remanded the cases on direct appeal to the district courts for resentencing in light of *Bailey. See e.g., United States v. Roulette,* 75 F.3d 418 (8th Cir.1996); *United States v. Abdul,* 75 F.3d 327, 330 (7th Cir.1995), *petition for cert. filed,* —— U.S.L.W. —— (U.S. May 28, 1996) (No. 95–9113). The government contends that resentencing is permissible if it is not vindictive, citing *North Carolina v. Pearce,* 395 U.S. 711, 723–26, 89 S.Ct. 2072, 2079–81, 23 L.Ed.2d 656 (1969). The government also points out that the Court will be required to resentence Dossett's co-conspirator, Richard Estrada, on remand from direct appeal, and that, under *Roulette,* Estrada could be subject to the two-level firearm possession increase. *Estrada,* 45 F.3d 1215 (8th Cir.1995), *cert. granted and judgment vacated,* —— U.S. ——, 116 S.Ct. 664, 133 L.Ed.2d 516 (1995), on remand, 85 F.3d 365 (8th Cir.1996). The government argues that an anomalous result would occur if this Court were to impose the two-level increase at the resentencing of Estrada, yet refuse to impose the two-level increase at a resentencing of Dossett, who was more closely tied to the firearm, simply because Dossett raised the *Bailey* issue through collateral attack under § 2255, rather than on petition for writ of certiorari to the Supreme Court, as Estrada did.

Dossett argues that resentencing would violate his double jeopardy rights because he has nearly completed serving his sentence on the drug conviction and because his § 2255 motion collaterally attacks only the § 924(c) consecutive sentence under *Bailey* and does not challenge the sentence on the drug conviction. He argues that the drug conviction became final when he did not petition for writ of certiorari following affirmance of his convictions. He contends that this Court may not constitutionally resentence him on the separate drug conviction and that the Court lacks jurisdiction to do so, relying upon *Warner v. United States,* 926 F.Supp. 1387 (E.D.Ark.1996), *order supplemented,* May 13, 1996 (Judge Eisele); *Beal v. United States,* 924 F.Supp. 913 (D.Minn.1996) (Judge Doty); *Gardiner v. United States,* 1996 WL 224798 (D.Minn. May 3, 1996) (same); *Gutierrez–Silva v. United States,* CR No. 4–92– 39(1), CIV No. 4–95–914, slip op. (D.Minn. April 9, 1996) (same).

The government emphasizes that district judges in the District of Minnesota have split on this issue, *see United States v. Allen,* CR. No. 3–92–038, slip op. (D.Minn. April 10, 1996) (Judge Magnuson) (holding that two-level increase may be imposed on resentencing in § 2255 proceeding), and other courts have agreed that resentencing in a § 2255 proceeding is permissible after *Bailey. See e.g. Mixon v. United States,* 926 F.Supp. 178 (S.D.Ala.1996). *Cf. Alton v. United States,* 928 F.Supp. 885 (E.D.Mo.1996) (Judge Gunn) (imposing increase on resentencing in § 2255 proceeding, but distinguishing *Warner* on ground that Alton collaterally attacked his § 924(c) conviction *and* his drug conviction).

Having reviewed each of these cases, the Court has carefully weighed the competing interests at stake in this case. The Court doubts that it has jurisdiction under § 2255 to entertain the government's request for resentencing, as § 2255 permits only criminal defendants to collaterally attack sentences imposed upon them. *See Mixon,* 926 F.Supp. at 181; *Warner,* 926 F.Supp. at 1397. But even assuming the Court has jurisdiction to consider the government's request for resentencing, the Court would in any event follow the thorough and thoughtful analysis of Judge Eisele in *Warner* and of Judge Doty in *Beal, Gardiner,* and *Gutierrez–Silva.*

The Court agrees with the reasoning of Judge Eisele and Judge Doty that sentences imposed on separate convictions must be viewed separately for purposes of § 2255, and that the Court has jurisdiction under § 2255 to vacate or correct only the specific sentence challenged by the movant. Moreover, although the inmate in *Warner* had completely served his drug sentence, while Dossett is still serving his term of incarceration, the Court concludes that double jeopar-

dy concerns would nonetheless arise if the Court were now to enhance Dossett's drug sentence by imposing the firearm increase and requiring Dossett to serve additional time in prison on that conviction. *See United States v. Garner*, 32 F.3d 1305, 1312 (8th Cir.1994) ("It is well settled that a trial court lacks jurisdiction to alter a previously imposed valid sentence once the defendant begins to serve the sentence, and for the court to subsequently alter a sentence places the defendant in double jeopardy."), *cert. denied*, — U.S. —, 115 S.Ct. 1366, 131 L.Ed.2d 222 (1995).

The Court does not rely upon *United States v. Henry*, 709 F.2d 298 (5th Cir.1983) (en banc), as Judge Eisele did in *Warner*, and as Dossett urges this Court to do. In *Henry*, a majority of the circuit judges on the Fifth Circuit concurred in the judgment vacating an increased sentence imposed following the criminal defendant's successful challenge under former Federal Rule of Criminal Procedure 35, but the "majority" opinion was actually a plurality opinion joined by only five members of the court, and six circuit judges joined a dissenting opinion. Panels of the Fifth Circuit have since declined to follow the plurality opinion's dictum that double jeopardy concerns should prohibit any increase in a sentence once the defendant has begun to serve it. *United States v. Colunga*, 786 F.2d 655, 658–59 n. 4 (5th Cir.1986); *United States v. Crawford*, 769 F.2d 253, 258 (5th Cir.1985), *cert. denied*, 474 U.S. 1103, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986). *See also United States v. Bentley*, 850 F.2d 327, 329 (7th Cir.) (classifying *Colunga* and *Crawford* as a disavowal of *Henry*), *cert. denied*, 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988). Nonetheless, this Court determines that the double jeopardy concerns identified by the Eighth Circuit in *Garner* and Dossett's interest in the finality of sentencing prohibit a resentencing in this case to increase the length of time Dossett must serve on his drug conviction. It is true, as the government argues, that the sentencing procedure applicable to the two co-conspirators, Dossett and Estrada, is inconsistent, but that cannot govern the determination of this case. The inconsistency is the result of an overly technical set of Federal Sentencing Guidelines. Accordingly,

IT IS ORDERED:

(1) that Daniel Dossett's motion to vacate the judgment of conviction and sentence as to Count VII of the indictment, charging a violation of 18 U.S.C. § 924(c), is granted and the 60–month consecutive sentence imposed on Count VII of the indictment is vacated.

(2) that the government's request for resentencing is denied.