

Opinions of the United
States Court of Appeals
for the Third Circuit

1996 Decisions

10-30-1996

# United States v. Goggins

Precedential or Non-Precedential:

Docket 96-3154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

## Recommended Citation

"United States v. Goggins" (1996). *1996 Decisions*. Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 96-3154


UNITED STATES OF AMERICA

v.

DAMOND GREG GOGGINS,


                                        Appellant


On Appeal from the United States District Court
    for the Western District of Pennsylvania
         (D.C. Crim. No. 95-00048-3)


Submitted under Third Circuit Rule LAR 34.1(a)
              October 10, 1996

BEFORE:  MANSMANN and GREENBERG, Circuit Judges,
          and HILLMAN, District Judge*

          (Filed:October 30, 1996)


                    Shelley Stark
                    Federal Public Defender
                    W. Penn Hackney, First
                    Asst. Federal Public
                    Defender
                    Karen Sirianni Gerlach
                    Asst. Federal Public
                    Defender
                    415 Convention Tower
                    960 Penn Avenue
                    Pittsburgh, PA 15222

                     Attorneys for Appellant

                    Frederick W. Thieman
                    United States Attorney
                    Bonnie R. Schlueter
                    Assistant U.S. Attorney


* Honorable Douglas W. Hillman, Senior Judge of the United
 States District Court for the Western District of Michigan,
 sitting by designation.

                    Gregory J. Nescott
                    Assistant U.S. Attorney
                    633 U.S. Post Office &
                    Courthouse
                    Pittsburgh, PA 15219

                         Attorneys for Appellee

                    OPINION OF THE COURT


GREENBERG, Circuit Judge.
        Appellant Damond Goggins appeals from a judgment of
conviction and sentence in this criminal case.  He limits his
appeal to the contention that the district court improperly
imposed a 2-level enhancement of his sentencing level under
U.S.S.G. § 2D1.1(b)(1) ("section 2D1.1(b)(1)") for possession of
a firearm.  The issue before us is whether the court was barred
from imposing this enhancement by the circumstance that the court
previously had sentenced Goggins to a later vacated five-year
sentence for using and carrying a firearm during and in relation
to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)
("section 924(c)(1)").

            I.   Background and Procedural History
        The case originated with Goggins's arrest on August 10,
1994, when the police, while executing a search warrant in
Pricedale, Pennsylvania, found him lying on a bed with a loaded
firearm in a bedroom in which there also was a substantial
quantity of cocaine base.  The ensuing procedural steps in the
case had a routine start but later took an unusual turn.  A grand
jury indicted Goggins for possession with intent to distribute in
excess of five grams of cocaine base in violation of 21 U.S.C. §§
841(a)(1) and 841(b)(1)(B)(iii) and for using and carrying a
firearm during and in relation to a drug trafficking crime in
violation of section 924(c)(1).  Goggins pleaded guilty to both
counts of the indictment.  The district court calculated his
total offense level as 23 and his criminal history category as
IV.  These calculations yielded a sentencing range of 130 to 147
months because of the requirement in section 924(c)(1) that the
court impose a five-year sentence on that charge consecutive to
the sentence on the drug possession count.  The court sentenced
Goggins to a 130-month term divided between 70 months on the
possession charge and 60 months on the weapons offense.  The
government did not urge that the court increase his sentencing
level for possession of a firearm pursuant to section 2D1.1(b)(1)
and the court did not do so.  Goggins then appealed.
        While the appeal was pending the Supreme Court decided
Bailey v. United States, 116 S.Ct. 501 (1995), in which it held
that section 924(c)(1) requires "active employment" of a firearm
and not mere "proximity and accessibility" during the drug
trafficking offense.  Id. at 505.  Goggins and the government

agreed that Goggins's conduct did not violate section 924(c)(1) as construed in Bailey.  Consequently they stipulated that the appeal would be dismissed in order that Goggins could move in the district court to vacate his conviction under section 924(c)(1) so that his sentence could be reduced by five years.  The parties, however, could not agree on whether section 2D1.1(b)(1) would be applicable on the resentencing and thus they did not make a stipulation on that point.  On December 29, 1995, in accordance with the stipulation, we dismissed the appeal.

Goggins then moved in the district court to vacate the sentence and on March 6, 1996, the district court entered an order vacating the sentence.  The district court also ordered that the parties file briefs on the question of whether section 2D1.1(b)(1) would be applicable at the resentencing.

On March 11, 1996, the district court filed Amended Tentative Findings and Rulings Concerning Disputed Facts or Factors.  The court held that section 2D1.1(b)(1) was, in terms, applicable as the guideline calls for imposition of the enhancement "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Commentary n.3.  In this regard the court relied principally on United States v. Mitchell, 31 F.3d 271, 277-78 (5th Cir.), cert. denied, 115 S.Ct. 455 (1994) (holding that presence and accessibility of weapon trigger enhancement). Here the weapon clearly was present in the bedroom when the police arrested Goggins and it was not improbable that the weapon was connected with the offense.  For two reasons the court would not follow United States v. Watts, 67 F.3d 790, 796-98 (9th Cir. 1995), cert. denied, 116 S.Ct. 1369 (1996), which held that a court could not impose a section 2D1.1(b)(1) enhancement if a jury acquitted the defendant under section 924(c)(1).  First, a jury had not acquitted Goggins.  Second, the court found Wattsunpersuasive as Watts reached a result contrary to that in the three other cases which the court cited holding that an acquittal on a section 924(c)(1) count does not preclude a section 2D1.1(b)(1) sentencing enhancement.  See United States v. Billops, 43 F.3d 281, 288 (7th Cir. 1994), cert. denied, 115 S.Ct. 1389 (1995); United States v. Romulus, 949 F.2d 713, 716-17 (4th Cir. 1991), cert. denied, 503 U.S. 992, 112 S.Ct. 1690 (1992); United States v. Coleman, 947 F.2d 1424, 1428-29 (10th Cir. 1991), cert. denied, 503 U.S. 972, 112 S.Ct. 1590 (1992).

The court next rejected Goggins's argument that the application of section 2D1.1(b)(1) violated double jeopardy principles as we have held repeatedly that if convictions on some counts of a multi-count indictment are vacated the court may resentence the defendant to enhanced sentences on the remaining counts.  See, e.g., United States v. Busic, 639 F.2d 940, 949-50 (3d Cir.), cert. denied, 452 U.S. 918, 101 S.Ct. 3055 (1981). Finally, the court rejected Goggins's arguments that collateral estoppel, the law of the case doctrine, and waiver precluded application of section 2D1.1(b)(1).

The court then calculated Goggins's adjusted offense level as 25 using the section 2D1.1(b)(1) enhancement.  Thus, predicated on a criminal history category of IV, he was subject

to a sentencing range of 84 to 105 months.  The court imposed a sentence of 84 months to be followed by a five-year term of supervised release.  Goggins then appealed again.

## II. Discussion

On this appeal Goggins contends that the district court should not have applied section 2D1.1(b)(1) for several reasons. First, he argues that the government waived its right to have section 2D1.1(b)(1) applied because "it unwisely and improperly chose to pursue the § 924(c)(1) charge, in lieu of a § 2D1.1(b)(1) enhancement."  Br. at 19.  Second, Goggins argues, citing United States v. Watts, 67 F.3d 790, that the dismissal of the 18 U.S.C. § 924(c)(1) count bars the application of section 2D1.1(b)(1).  Third, he contends that "there was no connection between the firearm and the underlying offense" so that section 2D1.1(b)(1) is inapplicable.  Br. at 24.

Fourth, Goggins attempts to distinguish our line of cases providing that if a conviction of one count of a multi-count indictment is vacated on appeal, on remand the district court may resentence the defendant to an increased sentence on the remaining counts so long as the total reimposed sentence does not exceed the original sentence.  See, e.g., United States v. Retos, 25 F.3d 1220, 1232-33 (3d Cir. 1994) (holding that district court has discretion to resentence up to length of original sentence); United States v. Pelullo, 14 F.3d 881, 900 (3d Cir. 1994) (holding that sentences can be increased on remand as long as reasons are identified); United States v. Busic, 639 F.2d at 949-50.  He contends that these cases are inapplicable because his section 924(c)(1) "conviction was vacated, not as the result of a direct appeal, but as the result of a Motion to Vacate which the government consented to and the district court granted."  Br. at 25.  Furthermore, he points out that his motion to vacate his sentence challenged only the section 924(c)(1) conviction so that his "remaining conviction [was] untouched." Br. at 25.  Thus, in his view, the district court did not have jurisdiction to resentence him on the "untouched" count.  He also contends that the "effect of the § 2D1.1(b)(1) enhancement . . . was to resentence him on a lesser included offense after the greater offense had been thrown out, and not simply to resentence him on the remaining conviction," thus violating the double jeopardy protections.  Br. at 26.

We reject all of Goggins's contentions.  A grand jury indicted Goggins for the violation of section 924(c)(1).  Once Goggins pleaded guilty to that charge the government could not seek to have his sentencing level enhanced under section 2D1.1(b)(1) because the commentary to U.S.S.G. § 2K2.4 makes it clear that such enhancement would be prohibited double counting. U.S.S.G. § 2K2.4, Comment, background.  Thus, the government could not choose between the application of sections 2D1.1(b)(1) and 924(c)(1) at the sentencing.  Accordingly, the only basis for waiver would be on a sort of election of remedies theory:  that by seeking an indictment under section 924(c)(1) the government precluded itself from later seeking an enhancement under section 2D1.1(b)(1).  We reject such an attenuated theory for there is no

reason why facts relating to a count on which a defendant is acquitted or which is dismissed may not be germane with respect to a count on which he is convicted. See United States v. Ryan, 866 F.2d 604, 608 (3d Cir. 1989). Furthermore, the government cannot be certain when a grand jury indicts a defendant what facts will be determined at the trial.

We also reject Goggins's argument that Goggins's acquittal of the section 924(c)(1) count has any bearing on this matter. Rather, we align ourselves with the overwhelming majority of the courts of appeals which have held that a weapons enhancement under section 2D1.1(b)(1) is permissible after an acquittal under section 924(c)(1). See, e.g., United States v. Pollard, 72 F.3d 66, 68-69 (7th Cir. 1995); United States v. Barnes, 49 F.3d 1144, 1149-50 (6th Cir. 1995); United States v. Billops, 43 F.3d at 288; United States v. Ovalle-Marquez, 36 F.3d 212, 224-25 (1st Cir. 1994), cert. denied, 115 S.Ct. 1322 (1995); United States v. Romulus, 949 F.2d at 716-17; United States v. Coleman, 947 F.2d at 1428-29. Pollard explains why this result is correct. Section 2D1.1(b)(1) is broader than section 924(c)(1) and so encompasses conduct not within section 924(c)(1). Furthermore, the burden of proof to impose an enhancement under section 2D1.1(b)(1) is less than the burden for a conviction under section 924(c)(1). Pollard, 72 F.3d at 68-69. We also note that our result is consistent with the Supreme Court's recognition in Bailey that section 2D1.1(b)(1) is broader than section 924(c)(1). Bailey, 116 S.Ct. at 509. Of course, in this case it is perfectly clear that the facts supported the enhancement under section 2D1.1(b)(1) and accordingly we reject Goggins's argument to the contrary.

We also reject Goggins's argument that our cases allowing a court on remand to impose a greater sentence on a conviction on a count affirmed on appeal, after a sentence on another count is vacated, are distinguishable. Plainly the proceedings after the original appeal were functionally the same as those which would follow a reversal of a conviction by this court. In any event, the reason for allowing a resentencing on a conviction on a count upheld on appeal after an acquittal on another count, is to permit the court to impose the sentence which seems appropriate for the offense or offenses for which the defendant has been convicted validly by allowing the court to reconstruct the sentencing plan. See United States v. Busic, 639 F.2d at 952. After all, if the district court knew at the time of the original sentencing that it could not sentence on all the counts on which the defendant was convicted, it might have imposed a greater sentence on the counts on which it could sentence validly.

Furthermore, inasmuch as we regard this case as functionally being the same as a case involving a reversal and a remand, the district court no more lost jurisdiction over the count not challenged on the motion to vacate than it would lose jurisdiction over a count on which a judgment of conviction is affirmed, but on which a new sentence is imposed after the court vacates a sentence on another count. In this regard, we point out that Rodriguez v. United States, 933 F. Supp. 279, 283-85

(S.D. N.Y. 1996), and Dossett v. United States, 931 F. Supp. 686, 687–88 (D.S.D. 1966), which Goggins cites, and which would not allow resentencing on other counts after convictions under section 924(c)(1) were vacated, are distinguishable because the courts in those cases were entertaining proceedings under 28 U.S.C. § 2255. Thus, the Rodriguez and Dossett courts themselves distinguished the collateral proceedings before them from proceedings on remand following a direct appeal. As we have indicated, we regard the proceedings in the district court in the same way we would have regarded the case if we had reversed and remanded for resentencing. Thus, we have no need to indicate whether we agree with Rodriguez and Dossett, though we do observe that other district courts have reached results contrary to those in Rodriguez and Dossett. See, e.g., Mixon v. United States, 926 F. Supp. 178, 181–82 (S.D. Ala. 1996). Finally, we hold that, as Busic makes clear, 639 F.2d at 949–52, the resentencing did not violate double jeopardy principles.

The judgment of conviction and sentence entered March 19, 1996, will be affirmed.