111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Earl FLEMING, aka James Hendricks, Defendant-Appellant.
 No. 96-30127.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1997.
Decided April 17, 1997.
 
 Before: WRIGHT, REINHARDT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant James Earl Fleming ("Fleming") contends that the district court erred in applying the two-level enhancement for possession of a dangerous weapon during a narcotic offense under U.S.S.G. § 2D1.1(b)(1). We affirm.
 
 
 3
 Fleming argues that the district court erred in applying U.S.S.G. § 2D1.1(b)(1) because the United States' decision to dismiss the charges under 18 U.S.C. § 924(c) for insufficient evidence makes such an enhancement improper. Fleming's argument as presented in briefing was based upon our decision in United States v. Watts, 67 F.3d 790, 796-97 (9th Cir.1995). As counsel for Fleming properly conceded at oral argument, Watts was reversed by the United States Supreme Court after briefing was concluded in this case and is no longer relevant. United States v. Watts, --- U.S. ----, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). In addition, the Supreme Court's decision in Bailey v. United States, --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), decided after Watts, recognizes that Section 2D1.1(b)(1) is broader than Section 924(c). Bailey, 116 S.Ct. at 509; see also United States v. Goggins, 99 F.3d 116, 119 (3d Cir.1996) (citing Bailey, 116 S.Ct. at 509). Thus, Fleming's argument fails.
 
 
 4
 Fleming also argues that the district court erred in finding that he possessed a firearm during the commission of a narcotics offense under U.S.S.G. § 2D1.1(b)(1) and in finding that it was not clearly improbable that the firearm was connected with the drug offense. We review a district court's finding that a firearm was possessed during the commission of a narcotics offense for clear error. United States v. Kelso, 942 F.2d 680, 681 (9th Cir.1991).
 
 
 5
 Under the Sentencing Guidelines, a trial court is required to apply the Section 2D1.1(b)(1) two-level enhancement if it finds that "a dangerous weapon (including a firearm) was possessed...." Application Note 3 to Section 2D1.1 states:
 
 
 6
 The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.
 
 
 7
 U.S.S.G. § 2D1.1, Application Note 3.
 
 
 8
 An enhancement under this section may be applied if a weapon is present during the commission of the offense unless it is clearly improbable that the weapon was connected with the offense. United States v. Kyllo, 37 F.3d 526, 531 (9th Cir.1994).
 
 
 9
 After a careful review of the record, the briefs and oral argument of counsel, we hold that the district court did not err in applying the two-level enhancement. Fleming owned the residence where the illegal drugs were sold. By choosing the bedroom in which firearms were present to conduct the transaction, Fleming had a means to protect the drugs and intimidate the purchasers. The weapons were in plain view for the cooperating witness to see during the transaction. He referenced the weapons in his conversation with the cooperating witness, demonstrating Fleming's knowledge of them. His residence contained numerous guns, ammunition and protective devices.
 
 
 10
 Thus, the district court did not clearly err in finding that Fleming had knowledge of the weapons and both the power and intention to exercise dominion and control over them.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3