

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2002

# USA v. Stratton

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-1301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Stratton" (2002). *2002 Decisions*. Paper 310.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/310

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-1301
_____

UNITED STATES OF AMERICA

vs.

ALLEN S. STRATTON,

Appellant.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 99-cr-00326)
District Judge:  The Honorable William H. Yohn, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2002

BEFORE: NYGAARD, ALITO, and ROSENN, Circuit Judges.

(Filed: May 29, 2002)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant, Allen Stratton, was convicted of distributing crack cocaine in violation of 21 U.S.C.  841(a)(1) (counts one, three and five of the indictment); distributing cocaine within one thousand feet of a school in violation of 21 U.S.C. 860(a) (counts two, four and six of the indictment); possession with the intent to distribute crack cocaine in violation of 21 U.S.C.  841(a)(1) (count seven of the indictment); and possession with the intent to deliver crack cocaine within one thousand feet of a school in violation of 21 U.S.C.  860(a) (count eight of the indictment).  He was sentenced to 240 months incarceration.  He appeals raising the issues shown in Section I  below.  We will affirm.

I.  ISSUES

1.    Whether the government established by a preponderance of evidence that the controlled substance in this case was crack cocaine?

2.    Whether a two-point enhancement under the Sentencing Guidelines for obstruction based on appellant's testimony was warranted?

3.    Whether the District Court erred in applying a two-point enhancement for possession of gun during a drug offense?

4.    Whether the District Court's decision to depart from the Guideline career offender designation required a sentence below the 240 months imposed?

II.  DISCUSSION

Because our opinion is not precedential and the facts are well known to

both the District Court and the parties, we need not recount them and will simply review and discuss the issues as raised by the appellant.

First, the District Court correctly determined, and Stratton does not dispute, that he is a career offender subject to a sentencing range of 360 months to life under 4B1.1 of the Guidelines. He argues nonetheless, that the District Court should have departed more than 120 months, by finding that the criminal history category significantly overstated his actual criminal history. We have no jurisdiction to review that assertion, and therefore the sentence will be affirmed. The other issues raised by Stratton, regarding the nature of the substance under 2D1.1, the finding the he possessed a firearm, and the finding of perjury, are irrelevant to the career offender determination, and we need not reach them. See, United States v. Parker, 902 F.2d 221 (3rd Cir. 1990).

Second, the District Court did not err by finding the cocaine base to be the form known as "crack." The District Court appropriately relied on the testimony of a police chemist and a narcotics officer with extensive experience, who testified that the substance possessed and sold by Stratton was crack cocaine. See, United States v. Dent, 149 F.3d 180 (3rd Cir. 1998).

Next, the District Court did not err by finding that Stratton willfully committed perjury at trial, which finding compelled a two-level enhancement for obstruction of justice under U.S.S.G. 3C1.1. The District Court made the specific findings of fact required under United States v. Dunnigan, 507 U.S. 87 (1993).

Finally, the District Court did not err by finding that Stratton possessed the firearm found in the front bedroom of 1313 Webster Street, and that this possession warranted a two-level enhancement under 2D1.1(b)(1). See, United States v. Goggins, 99 F.3d 116 (3rd Cir. 1996).

### III. CONCLUSION

In summary, we find no merit in any of the appellant's arguments and will affirm the sentence imposed by the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard

_____

Circuit Judge